UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CLARENCE JAMES EDMOND** | **CIVIL ACTION NO. 6:14-cv-0831** |
| **LA. DOC #387359** | |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN TERRY TERRELL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

Pro se petitioner Clarence James Edmond, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on April 16, 2014. Petitioner attacks his 1997 convictions for manslaughter and attempted manslaughter and the sentences totaling 60 years imposed by the Sixteenth Judicial District Court, St. Martin Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On August 25, 1997, petitioner pled guilty to one count of manslaughter and one count of attempted manslaughter; pursuant to a plea agreement, sentences totaling 60 years at hard labor were imposed on the same date. [Doc. 4, ¶1-7]

Petitioner did not immediately appeal his conviction and sentence.[1]

---

[1] Under Louisiana law, he could not appeal his conviction since his guilty plea waived all non-jurisdictional pre-plea defects. *See State v. Crosby*, 338 So.2d 584 (La. 1976). Nor could he have appealed the sentence since it was apparently imposed in conformity with the plea

On September 25, 2006 he filed a "Motion to Correct an Illegal Sentence" claiming that he was subjected to double jeopardy. On October 24, 2006 his motion was denied. Petitioner then filed a "Notice of Intent to Appeal." On July 2, 2008 his appeal was dismissed by the Third Circuit Court of Appeals as follows:

> As noted above, Defendant's pleading did not assert an illegal sentence claim, instead he asserted a double jeopardy claim, which is properly raised through an application for post-conviction relief. La.Code Crim.P. art. 930.3(3). Pursuant to La.Code Crim.P. art. 930.6(A), a judgment dismissing an application for post-conviction relief is not an appealable judgment. Accordingly, the appeal in this case is hereby dismissed.
>
> As the judgment is reviewable on writs, this Court normally allows a Defendant time within which to file a writ application. However, in the instant case, this Court will not grant permission to file a supervisory writ application for the following reason. Defendant's convictions and sentences became final on September 1, 1997. At the time of his convictions and sentences, La.Code Crim.P. art. 930.8 provided for a 3 year time limit for filing a post-conviction relief application. Therefore, time for filing a post-conviction relief application expired in September, 2000. Defendant's most recent pleading asserting a post-conviction relief claim was filed in September 2006. Defendant does not allege or prove an exception to the time limit in his pleading filed in the trial court. The untimeliness of an application for post-conviction relief can be recognized by an appellate court for the first time. *State ex rel. Glover v. State*, 93–2330 (La.9/5/95), 660 So.2d 1189, abrogated in part on other grounds, *State ex rel. Olivieri v. State*, 00–172 (La.2/21/01), 779 So.2d 735, *cert. denied*, 534 U.S. 892, 122 S.Ct. 208 (2001).

*State of Louisiana v. Clarence Edmond*, 2008-00471 (La. App. 3 Cir. 7/2/2008), 985 So.2d 871 (Table), 2008 WL 2597603.

On November 29, 2011 he filed an application for post-conviction relief seeking an out-of-time appeal. It was denied. Thereafter, on January 25, 2013 petitioner filed a writ application in the Third Circuit Court of Appeals apparently contesting the legality of his sentence. On June

---

agreement. See La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

21, 2013 the Court of Appeals denied writs noting, "Relator's brief fails to allege or prove that he first sought relief in the trial court. Accordingly, Relator's writ application is beyond this court's scope of review. Uniform Rules – Courts of Appeal, Rule 1-3. In the interests of justice, this court notes Relator 'cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.' La. C.Cr.P. art. 881.2(A)(2)." *State of Louisiana v. Clarence Edmond*, No. KH 13-00084. [Doc. 1-1, p. 1] He apparently sought further review in the Louisiana Supreme Court and on February 14, 2014 the Supreme Court, citing La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, denied writs. *State of Louisiana ex rel. Clarence Edmond vs. State of Louisiana*, 2013-1764 (La. 2/14/2014), — So.3d —. [See also Doc. 1-1, p. 2]

Petitioner filed a *pro se* pleading in this Court on April 16, 2014. He entitled the pleading "Application for Certificate of Appealability With Brief in Support." Therein he alleged that following his guilty plea and the imposition of sentence, "[n]o appeal was pursued due to counsel of record deficient conduct." In this pleading he alleged that the Sixteenth Judicial District Court lacked jurisdiction to accept his guilty plea pursuant to Art. V, Section 19 of the Constitution of 1974 since petitioner was a juvenile at the time he entered his plea; and, that he was denied effective assistance of counsel. [Doc. 1] His pleading was construed as a petition for writ of habeas corpus and he was provided the form petition afforded to prisoners in this district. On May 27, 2014 he filed the form petition alleging (1) that he was denied the right to appeal his sentence, (2) that he was denied effective assistance of counsel, and (3) that his sentence is excessive. [Doc. 4, ¶12]

*Law and Analysis*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence; as shown above, under Louisiana law, his conviction and sentence were unappealable. For AEDPA purposes, petitioner's judgment

---

[2] Nothing in the record suggests that any State created impediments prevented the filing of the petition; nothing suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally it does not appear that petitioner is relying upon the recent discovery of the factual basis for his claims. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), or (D).

of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], five days, exclusive of holidays, following August 25, 1997, the date that petitioner entered his guilty plea and was sentenced[3] or, on or about September 2, 1997. Petitioner had one year from that date, or until September 2, 1998 to file his federal *habeas* petition. Petitioner cannot rely upon the tolling provision of Section 2244(d)(2) because by the time he filed his collateral attacks on the convictions and sentence, the limitations period had already expired and could not be revived, since, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467.

Thus, it is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

### *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that

---

[3] See La. C.Cr.P. art. 914(b)(1) which at the time of petitioner's conviction provide, "The motion for an appeal must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken." Art. 13 provided that legal holidays should not be included in the calculation when the period at issue is less than 7 days.

some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana July 1, 2014.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   7/2/2014
BY:        EFA
TO:        RFD
              cg

7